PETERSON, Chief Judge.
Scott Goldy appeals the denial of his motion for sanctions pursuant to Rule 1.442, Florida Rules of Civil Procedure, the offer of judgment rule that allows a plaintiff to recover attorney’s fees and costs when a verdict exceeds 125% of an offer of judgment. We affirm. By our affirmance, the appellee’s cross-appeal is rendered moot.
Goldy’s initial complaint was dismissed with leave to amend and to add additional defendants. Before amending the complaint, he submitted an offer of judgment to the defendant/appellee, Corbett Cranes Services, Inc. (Corbett). The offer was to expire March 6, 1991, thirty days after it was made in accordance with Rule 1.442. Goldy then amended his complaint in which new causes of action were alleged and additional defendants were named. Corbett then obtained from Goldy a gratuitous extension of time to March 29, 1991 to respond to the offer of judgment.
Corbett filed a motion to dismiss the amended complaint on March 14, 1991 and scheduled a hearing to take place after March 29, 1991, the expiration date of Gol-dy’s extended offer of judgment. Corbett also filed a motion pursuant to Rule 1.090, Florida Rules of Civil Procedure, to enlarge the time within which it could respond to the offer of judgment since the hearing date was beyond March 29. Goldy then directed a letter to Corbett stating:
I have received a copy of your Motion to Enlarge the Time to Respond to our Offer of Judgment. I had agreed to an enlargement of the original time for responding to this Offer because I understood you had been seriously ill. In view of your current efforts to take advantage of the consideration which I gave you, I greatly regret having extended the time in the first place. As I read and understand the applicable Rules of Procedure, this is not a situation in which the Court has the power to force a party to make or extend an offer of judgment. In fact, the Rule expressly allows a party to withdraw an Offer of Judgment at anytime. I assume that the consequences of withdrawal of an Offer before the full time provided in the Rule would be that no sanctions could be enforced if a subsequent judgment was more than 25% larger than the Offer which was withdrawn.
However, in this case the Offer already has been extended well beyond the period required by the Rule. Therefore in my interpretation of the Rule, I have every right to withdraw that Offer at anytime. In order to be sure that sanctions may be applicable if the ultimate judgment is more than 25% greater than the Offer, I do not intend to withdraw the Offer until March 29, the date on which I originally stipulated the Offer would be terminated. If the Offer has not been accepted by that date, it will be absolutely and finally withdrawn at that time. Regardless of any Court Order that may be entered after that date, we will no longer agree to accept the full liability insurance coverage applicable to this claim in settlement of the claims against all of your insureds. You may consider this letter as notice that the offer will be withdrawn and it will not be effective beyond March 29,1991.
Corbett’s motion to enlarge was never heard by the court in view of Goldy’s absolute withdrawal of the offer on March 29, 1991, regardless of whether the court decided to extend the time.
Goldy’s motion for sanctions was filed after a verdict exceeded his offer of judgment by 125%. Corbett responded with a motion to dismiss Goldy’s motion. The trial court granted Corbett’s motion to dismiss the request for sanctions finding, inter alia, that although the offer of judgment was timely, it was effectively withdrawn in the letter of March 25, 1991, and thereby rendered void.
Former Rule 1.442, Florida Rules of Civil Procedure provided:
RULE 1.442 OFFER OF JUDGMENT
‡ ‡ ‡ ‡ ‡
*227 (b) Time Requirements. To be effective, an offer of judgment must be served no sooner than 60 days after the offeree has filed its first paper in the action and no later than 60 days prior to trial, except that the offeree may serve a counteroffer within 15 days after service of an offer notwithstanding the time limits of this rule.
(c) Form of Offer.
(1) An offer of judgment may be made by any party or parties.
(2) The offer shall be in writing; shall settle all pending claims; shall state that it is made pursuant to this rule; shall name the party or parties making the offer and the party or parties to whom the offer is made; shall briefly summarize any relevant conditions; shall state the total amount of the offer; and shall include a certificate of service in the form required by Rule 1.080(f).
H: ‡ ‡ ‡ ‡
(f) Acceptance, Failure to Accept and Rejection.
(1) Offers of judgment shall be deemed rejected for purposes of this rule unless accepted by filing both a written acceptance and the written offer with the court within 30 days after service of the offer. Upon proper filing of both the offer and acceptance, the court shall enter judgment thereon.
[[Image here]]
(3) A rejection of an offer terminates the offer.
(g) Withdrawal. An offeror may withdraw the offer in a writing served on the offeree before a written acceptance is served on the offeror. Once withdrawn in this manner, the offer is void.
(h) Sanctions.
(1) Upon motion made ... after the return of the verdict in a jury action ... the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
* * * * * *
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
(2) In determining entitlement to and the amount of a sanction, the court may consider any relevant factor, including:
(A) the merit of the claim that was the subject of the offer;
(B) the number, nature and quality of offers and counteroffers made by the parties;
(C) the closeness of questions of fact and law at issue;
(D) whether a party unreasonably refused to furnish information necessary to evaluate the reasonableness of an offer;
(E) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties;
(F) the fact that, at the time the offer was made and rejected, it was unlikely that the rejection would result in unreasonable cost or delay;
(G) the fact that a party seeking sanctions has himself unreasonably rejected an offer or counteroffer on the same issues or engaged in other unreasonable conduct;
(H) the fact that the proceeding in question essentially was equitable in nature;
(I) the lack of good faith underlying the offer; or
(J) the fact that the judgment was grossly disproportionate to the offer.
As noted earlier, the trial court found Goldy’s offer of judgment to be timely, pursuant to section (b) of the rule, but that the offer was effectively withdrawn, pursuant to section (g), thereby rendering the offer void.
The trial court entered the following written order:
The Court finds that CORBETT CRANES’ motion to enlarge the period *228 within which it could respond to GOLDY’s Offer of Judgement was an authorized motion since the time periods set forth in former Rule 1.442 were capable of being extended by the Court pursuant to Fla.R.Civ.P. 1.090(b)(1995); see also Schmidt v. Fortner, 629 So.2d 1036, 1038 (recognizing that offeree could seek an enlargement of the period within which to respond to an Offer of Judgment made pursuant to former Rule 1.442)_ Rule 1.090(b) clearly allows the Court to extend deadlines established by the Rules except for those few deadlines clearly set forth in that rule.... Neither party has offered nor has the Court been able to locate any direct authority regarding whether a motion to enlarge the time within which to respond to an Offer of Judgment, filed prior to the expiration of the period, tolls the responsive period pending a ruling on the motion. In cases involving time periods which are to be strictly construed, courts have frequently indicated that a motion to enlarge time filed prior to the expiration of the time to be enlarged effectively extends the subject period beyond its prescribed deadline pending a ruling on the motion. See, e.g., Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992)(requiring motion seeking to extend period within which to serve adverse party with initial process to only be filed within 120-day period, not ruled on within that period, in order for suit not to be subject to automatic dismissal); Nationwide Mut. Fire. Ins. Co. v. Holmes, 352 So.2d 1233, 1234 (Fla. 4th DCA 1977)(requiring motion seeking to extend period within which to substitute party following death of a party to only be filed within 90-day period following suggestion of death, not ruled on within that period, in order for suit not to be subject to automatic dismissal). It seems logical then to conclude that a motion to enlarge the period within which to respond to an Offer of Judgment would effectively toll the responsive period provided that the motion is filed before the period had otherwise expired.
In this case, CORBETT CRANES filed its motion to enlarge the time to respond to the Offer of Judgment before the agreed on responsive period had expired. The filing of that motion effectively tolled the responsive period until the motion could be heard. GOLDY’s subsequent letter stating that he would withdraw the Offer on March 29, 1991, therefore, constituted a withdrawal of the Offer prior to the expiration of the agreed deadline for CORBETT CRANES to respond which had previously been established by the parties. Thus, GOLDY’s Offer of Judgment was rendered void and cannot provide the basis for an award of attorney’s fees and costs.
We concur with the trial court’s reasoning and affirm. A plaintiff with a sincere desire to settle, pursuant to an offer of judgment, is not prejudiced when a court grants an extension of time for acceptance after a good reason is shown by the offeree. The plaintiff always has the power to withdraw the offer at any time before acceptance if the plaintiffs position changes.
AFFIRMED.
GOSHORN J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.