718 So.2d 1265 (1998)
PINNACLE CORPORATION OF CENTRAL FLORIDA, INC., a Florida corporation, d/b/a Town & Country Homes, Appellant,
v.
R.L. JERNIGAN SANDBLASTING & PAINTING, INC., a Florida corporation, Appellee.
No. 97-05336.
District Court of Appeal of Florida, Second District.
October 9, 1998.
Russell W. Divine of Divine & Estes, P.A., Orlando, for Appellant.
John W. Frost, II, and Robert Aranda of Frost, O'Toole & Saunders, P.A., Bartow, for Appellee.
THREADGILL, Judge.
The appellant, Pinnacle Corporation of Central Florida, Inc., d/b/a Town & Country Homes (Town & Country), challenges a final *1266 default judgment for money damages entered against it pursuant to Florida Rule of Civil Procedure 1.500(b). We reverse.
The appellee, R.L. Jernigan Sandblasting & Painting, Inc. (Jernigan), sued Town & Country, a home builder, for damages when it failed to pay for painting services rendered by Jernigan on various new home projects. Jernigan's complaint was filed on August 15, 1997, and Town & Country was served on August 20, 1997. On September 9, 1997, the last day for filing a responsive pleading, Town & Country filed a motion in the trial court for a ten-day extension of time to respond to the complaint. It also set a hearing date for the motion at that time. Two days later, on September 11, 1997, Jernigan filed a motion for entry of a default.
Both parties' motions were heard on September 16, 1997. Although there is no transcript of the hearing conducted on that date, it is undisputed that Town & Country argued that it needed additional time to answer, because the complaint and exhibits attached thereto were voluminous and involved numerous properties and competing claims. Town & Country also informed the trial court that Jernigan's counsel refused to agree to an extension. Jernigan argued that Town & Country had had enough time and all of the information it needed to timely respond to the complaint, and that Town & Country had failed to settle part of the claim pursuant to an earlier agreement. The trial court agreed with Jernigan and announced its decision to enter a default judgment against Town & Country and to deny Town & Country's motion for an extension of time. Town & Country then filed its answer and affirmative defenses on September 17, 1997, the day after the hearing. On September 25, 1997, the trial court filed with the clerk its written order granting a final default judgment in favor of Jernigan. On October 6, 1997, Town & Country filed a motion to vacate the default judgment. That motion was denied. Town & Country then filed a timely notice of appeal in this court.
Under the circumstances herein, it was error for the trial court to enter a default judgment against Town & Country for its failure to plead. Florida Rule of Civil Procedure 1.500(b) authorizes a trial court to enter a default against a party for failure to plead or otherwise defend. Florida Rule of Civil Procedure 1.500(c), however, plainly authorizes a party to plead or otherwise defend before an order of default is entered. An order is not deemed "entered," even if it has been signed by the trial court, until it is actually filed with the clerk. See Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Since the answer and affirmative defenses in this case were filed before an order of default was entered, the trial court erred in failing to vacate the default judgment it improperly entered against Town & Country.
We also note that in Goldy v. Corbett Cranes Services, Inc., 692 So.2d 225, 228 (Fla. 5th DCA 1997), the Fifth District concluded that timely motions for extensions of procedural deadlines filed pursuant to Florida Rule of Civil Procedure 1.090(b) "effectively extend[ ] the subject period beyond its prescribed deadline pending a ruling on the motion." Since Town & Country filed a timely motion for an extension of time in this instance, it was not in default at the time the trial court orally pronounced its ruling.
The final judgment is reversed, and this cause is remanded with directions to vacate the order of default and to conduct the appropriate further proceedings.
Reversed.
CAMPBELL, A.C.J., and CASANUEVA, J., concur.