NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LAURA OCHOA,                                )
                                           )
          Appellant,                       )
                                           )
v.                                         )          Case No. 2D14-1866
                                           )
DONNA KOPPEL and PROGRESSIVE               )
SELECT INSURANCE COMPANY, a                )
Foreign Profit Corporation,                )
                                           )
          Appellees.                       )
_____)

Opinion filed May 20, 2016.

Appeal from the Circuit Court for
Pinellas County; Jack Day, Judge.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, P.L., Tampa, for
Appellant.

Anthony J. Russo, Ezequiel Lugo and Jared
M. Krukar of Butler Weihmuller Katz Craig
LLP, Tampa; and Paul U. Chistolini and
William G.K. Smoak of Smoak, Chistolini
& Barnett, PLLC, Tampa, for Appellee
Donna Koppel.

No appearance for remaining Appellee.



SALARIO, Judge.

Laura Ochoa appeals a final judgment entered after the trial court ruled that Donna Koppel timely accepted a proposal for settlement that Ms. Ochoa served pursuant to section 768.79, Florida Statutes (2013), and Florida Rule of Civil Procedure 1.442. She asserts that Ms. Koppel failed to accept the proposal during the thirty-day period provided for in rule 1.442(f)(1) and that Ms. Koppel's motion to enlarge the time to accept the proposal, which the trial court ultimately denied, did not toll that thirty-day period while it was pending. We agree, reverse, and certify conflict with the Fifth District's decision in Goldy v. Corbett Cranes Services, Inc., 692 So. 2d 225 (Fla. 5th DCA 1997).

I.

On December 9, 2011, Ms. Ochoa was injured in a crash with a car driven by Ms. Koppel. In April 2013, she sued Ms. Koppel, alleging negligence and seeking damages to compensate her for her injuries.

On September 3, 2013, Ms. Ochoa served Ms. Koppel with a proposal for settlement pursuant to section 768.79 and rule 1.442. The proposal offered to dismiss the action with prejudice in exchange for a lump-sum payment by Ms. Koppel of $100,000. Rule 1.442(f)(1) provides that a proposal for settlement is "deemed rejected" if not accepted within thirty days after service of the proposal, and Ms. Ochoa's proposal stated that it would be withdrawn if not accepted within that time. On the same day she served the proposal, Ms. Ochoa filed a notice that the case was ready for trial.

On October 2, 2013—one day before the thirty-day period to accept the settlement proposal expired—Ms. Koppel filed a motion seeking to enlarge the time in which to respond to the proposal. The motion cited Florida Rule of Civil Procedure

1.090, which governs enlargements of time, and alleged that Ms. Koppel had not had sufficient time to evaluate the proposal because (1) she had recently received through discovery a new MRI report bearing on Ms. Ochoa's alleged injuries and (2) the case remained "in its infancy" and Ms. Ochoa's deposition had not been taken. Ms. Ochoa later filed a notice setting a hearing on the motion for December 2, 2013.

Although we do not have a transcript of the hearing, the parties agree that the court did not render a decision on December 2 and that it instead requested that the parties submit additional authorities on or before December 5. The day after the hearing, on December 3, 2013, Ms. Koppel served a notice purporting to accept the proposal for settlement. Two days later, on December 5, 2013, she provided the court with the authorities it had requested. Later that day, the court entered an order denying Ms. Koppel's request to enlarge the time in which to accept the proposal for settlement.

Ms. Ochoa next filed a motion to strike Ms. Koppel's notice accepting the proposal for settlement on grounds that it was untimely. Ms. Koppel opposed the motion and argued that under the Fifth District's decision in Goldy, her filing of a motion to enlarge time under rule 1.090 tolled the thirty-day period in which she was authorized to accept the proposal. According to Ms. Koppel, the period remained tolled until the trial court denied her motion for enlargement of time on December 5, 2013. Ms. Koppel coupled her response to the motion to strike with a motion to enforce the settlement that she asserted was created by her acceptance of Ms. Ochoa's proposal for settlement.

After a hearing, the trial court agreed that Ms. Koppel's filing of a motion to enlarge time tolled the time she had to accept the settlement proposal, denied the motion to strike the notice of acceptance, and granted the motion to enforce settlement.

- 3 -

The trial court then entered a final judgment dismissing Ms. Ochoa's case with prejudice based upon the proposal and acceptance. Ms. Ochoa timely appealed.

II.

This case presents the question of whether the filing of a motion under rule 1.090 to enlarge the time to accept a proposal for settlement automatically tolls the thirty-day period for accepting that proposal until the motion to enlarge is decided.[1] The issue is thus one that requires construction of a rule of civil procedure. Our review is de novo. Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006).

A.

Rule 1.442 governs the procedures by which proposals for settlement are made and accepted or rejected. See also Audiffred v. Arnold, 161 So. 3d 1274, 1277 (Fla. 2015). As relevant here, rule 1.442(f)(1) provides that "[a] proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal." In addition, it provides that the provisions of Florida Rule of Judicial Administration 2.514(b), which grant five additional days to act if service

---

[1]Two other issues are potentially implicated here. The first is whether, in light of the fact that the thirty-day period after which a settlement proposal is deemed rejected is also statutory under section 768.79, that deadline is extendable under rule 1.090 at all. Compare BNP Paribas v. Wynne, 944 So. 2d 1004, 1006 (Fla. 4th DCA 2005) (holding that rule 1.090 "is inapplicable to procedural deadlines under a special statutory proceeding"), with Schmidt v. Fortner, 629 So. 2d 1036, 1038 n.3 (Fla. 4th DCA 1993) ("Because the time for responding to an offer of judgment under section 768.79 is now governed by rule 1.442, there is no reason why rule 1.090(b) would not authorize the enlargement . . . ."). The second is whether, because the proposal itself provided that it would be "withdrawn" within thirty days and Ms. Ochoa did not agree to enlarge that time, the offer was by its terms insusceptible of acceptance notwithstanding any enlargement of the thirty-day period under rule 1.442. The case can be fully resolved on the question of tolling addressed in the text, and neither additional issue is thoroughly presented by the briefs. Therefore, we express no opinion on either question.

of the document requiring the act is made by mail or email, "do not apply to this subdivision." The rule thus sets a hard thirty-day deadline after which, unless accepted, a proposal for settlement is deemed by the rule to have been rejected.

Rule 1.090(b) governs the enlargement of time periods established by the civil rules. It provides, in relevant part:

> When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect . . . .

The rule does not contain any provision which tolls the running of the applicable time periods while a motion made pursuant to its provisions is pending.

The rules of civil procedure are to be interpreted in accord with ordinary principles of statutory construction. Barco v. Sch. Bd. of Pinellas Cty., 975 So. 2d 1116, 1121 (Fla. 2008); Saia, 930 So. 2d at 599. The cardinal principle of statutory construction is that a statute must be given its plain and ordinary meaning and, where that meaning is unambiguous, the effect that meaning dictates. See Kephart v. Hadi, 932 So. 2d 1086, 1091 (Fla. 2006) (citing Zuckerman v. Alter, 615 So. 2d 661, 663 (Fla. 1993)). That principle resolves this case.

The texts of rules 1.090 and 1.442 are unambiguous in that neither contains language that could in any way be construed as providing that the time to accept a proposal for settlement is tolled when a motion to enlarge the time to do so is filed. Apart from providing that the thirty-day period is not extended when service is by

mail or email, rule 1.442 says nothing about the computation or enlargement of time. Rule 1.090 provides that a party may seek to have the time in which an act must be performed enlarged, but such an extension requires an order of the court, the exercise of the trial judge's discretion, and a showing by the movant that grounds for an enlargement exist—i.e., cause shown and, in the case of motions made after the expiration of the time period, excusable neglect. It too contains no provision tolling time while a motion for enlargement is pending.

The practical effect of interpreting the rule to provide automatic tolling upon the filing of a motion for enlargement is to give the party filing the motion additional time under circumstances other than those the rule contemplates. The filing of the motion grants a party a de facto enlargement of time—without the judicial supervision, exercise of discretion, and substantive showings rule 1.090 requires—until the motion is decided.[2] Neither rule contains any textual indication that this result was intended.

Accordingly, we hold that the filing of a rule 1.090 motion to enlarge time to accept a proposal for settlement under rule 1.442 does not toll the thirty-day acceptance period between the date of the proposal and when it is deemed rejected. Rule 1.442(f)(1) sets a hard thirty-day deadline for acceptances, and rule 1.090 authorizes enlargements but does not provide for tolling. To hold that a motion to enlarge the thirty-day period automatically tolls it until the motion is decided would require us to insert the necessary text into one or the other of the rules where that text

---

[2]We acknowledge that tolling and enlargement are different in that tolling suspends the running of a time period while enlargement adds time to it. See Hankey v. Yarian, 755 So. 2d 93, 98 (Fla. 2000). The important point for our interpretation of these rules, however, is that the effect in a case like this is the same; however named, the result is that a party gets more time than it would otherwise have to do an act.

does not in fact exist.  That exercise is foreclosed to us.  Cf. Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."); FINR II, Inc. v. Hardee Cty., 164 So. 3d 1260, 1264 (Fla. 2d DCA), rev. granted, 182 So. 3d 632 (Fla. 2015) (holding that a court may not "rewrite the statute to insert an additional requirement not placed there by the legislature").

Our holding finds additional support in the fact that when the supreme court has intended that the filing of a motion should toll time, it has not had difficulty expressing that intention.  Under Florida Rule of Appellate Procedure 9.300(b), the filing of a motion to enlarge time automatically "toll[s] the time schedule of any proceeding in the court until disposition of the motion."  Because the supreme court knows how to provide for tolling when that is desired, it seems unlikely that the omission of a tolling provision in rules 1.090 and 1.442 was unintentional.  Cf. Cason v. Fla. Dep't of Mgmt. Servs., 944 So. 2d 306, 315 (Fla. 2006) ("[W]e have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question." (quoting Rollins v. Pizzarelli, 761 So. 2d 294, 298 (Fla. 2000))).

B.

In Goldy, the Fifth District held that a motion to enlarge the time to accept a proposal for settlement tolls the thirty-day period until the motion is decided.  692 So. 2d at 228.  It reasoned that where time limitations are strictly construed, the filing of a motion to enlarge time should toll the applicable time period.  Id.  Doing so with regard to proposals for settlement made sense to the Fifth District because it avoids punishing a party with a "sincere desire to settle" pursuant to a proposal for settlement and a legitimate need for an enlargement of time.  Id.

Our court has twice discussed Goldy. In Pinnacle Corp. of Central Florida, Inc. v. R.L. Jernigan Sandblasting & Painting, Inc., 718 So. 2d 1265, 1266 (Fla. 2d DCA 1998), which was an appeal from a final default judgment, we cited it without analysis for the proposition that a defendant's motion to extend time to answer a complaint "effectively extend[ed]" the time it had to do so. That statement is dictum; we resolved the case on the basis that the default was improper under rule 1.500 because the defendant's answer was on file before an order of default was entered. Id. In Donohoe v. Starmed Staffing, Inc., 743 So. 2d 623 (Fla. 2d DCA 1999), we reversed an order denying an award of fees and costs based on a proposal for settlement because the proposal was not timely accepted. We rejected the defendant's argument under Goldy that its motion to enlarge the time to accept or reject the proposal tolled the thirty-day period finding that Goldy was distinguishable on the facts. Id. at 625. Neither Pinnacle nor Donahoe held that Goldy represented the law of this district. Nor did either case analyze the validity of its reasoning. We now do so for the first time, and we respectfully disagree with our sister court.

We are unable to reconcile the Fifth District's holding with the requirement that the civil rules be interpreted in accord with ordinary principles of statutory construction. As we have described, although rule 1.090 authorizes enlargements of time, the applicable rules do not provide for tolling pending a decision on a motion for enlargement—whether of a strictly construed time period or otherwise. By limiting its tolling rule to time periods that are strictly construed, the Goldy court appears to have assumed (correctly, in our view) that tolling would not ordinarily be authorized or permitted when a party files a motion to enlarge a deadline. Its decision that time is

- 8 -

nonetheless automatically tolled whenever the time limit is one that is strictly construed thus seems more like a revision of the rules to meet the perceived equities of a case— here, the protection of a party with a sincere desire to settle—than it does an exercise in determining what the rules actually authorize and what they do not.[3]

Even if this approach to interpreting the civil rules might be appropriate in some circumstances—we do not mean to imply that it is—it is particularly unjustified here because rule 1.090, as drafted, provides a trial court with ample discretion to address the perceived equities with which <u>Goldy</u> was concerned. <u>See</u> <u>Morales v. Sperry Rand Corp.</u>, 601 So. 2d 538, 540 (Fla. 1992) (rejecting the notion that former Florida Rule of Civil Procedure 1.070(j) was "unduly harsh" because rule 1.090(b) provides trial courts with broad discretion to extend deadlines if reasonable grounds exist), <u>superseded by rule on other grounds as stated in</u> <u>Thomas v. Silvers</u>, 748 So. 2d 263 (Fla. 1999). If a party that is sincerely interested in settlement has a bona fide need for more time to accept or reject it, the court has the discretion to rectify that problem by granting an enlargement of time. If the party is unable to get a motion seeking an enlargement heard before the time expires, but the trial court determines that an

---

[3]<u>Goldy</u> cited two decisions for the proposition that the filing of a motion to enlarge time tolls deadlines that are strictly construed—<u>Morales v. Sperry Rand Corp.</u>, 601 So. 2d 538 (Fla. 1992), and <u>Nationwide Mutual Fire Insurance Co. v. Holmes</u>, 352 So. 2d 1233 (Fla. 4th DCA 1977). <u>Morales</u> said that the 120-day deadline to effect service under rule 1.070(j) is to be strictly construed and that rule 1.090 is available to enlarge that deadline in appropriate cases. 601 So. 2d at 539-40. <u>Holmes</u> held that it was error for a trial court to allow the substitution of a personal representative for a deceased party where no motion for substitution was made within ninety days as required by rule 1.260(a)(1) and, in so holding, noted that "[t]here is no indication that Plaintiff moved for an enlargement" of the deadline. 352 So. 2d at 1234. Neither case said, let alone held, that the filing of a motion to enlarge a strictly construed deadline automatically tolls time.

enlargement is warranted, its decision to grant the enlargement rectifies the problem.[4] If, on the other hand, the trial court determines that the extension was unwarranted, there is no equitable problem for a tolling rule to solve because an extension was not merited in the first place. In sum, the court has sufficient room to address the problem of the party who is sincerely interested in settlement within the confines of existing rules.

On the other hand, however, Goldy's holding that a motion to enlarge time automatically tolls time where the subject deadline is strictly construed seems to us inconsistent with the concept of a strictly construed deadline. Allowing a party to suspend the occurrence of a deadline through the simple act of putting a piece of paper in the court file tends to liberalize rather than strictly enforce that deadline. Moreover, Goldy's tolling rule has obvious practical detriments. Dissenting from the Goldy majority's holding on tolling, Judge Griffin summarized them as follows:

> Any time, including the day before the offer is due to expire, the motion to extend the deadline is simply filed. The deadline thus does not ever arrive and the offeror does not get the benefit of [rule 1.442], nor can he withdraw the offer without losing the benefit of the rule. If the filing of the

---

[4]The problem in Goldy was that after the proposal was automatically withdrawn upon the expiration of the deadline, the motion to enlarge time filed by the other party "was never heard by the court in view of [the] absolute withdrawal of the offer." 692 So. 2d at 226. The Goldy opinion does not state whether the party seeking the enlargement failed to seek a hearing. Because rule 1.090 by its terms requires that the court actually grant a party an extension of time in its discretion—and does not indicate that tolling is accomplished by the mere filing of the motion itself—we believe that the approach most consistent with the rules is to require the party seeking the enlargement of time to set a hearing or insist on a ruling, whichever may be required, and not to create an automatic tolling rule that springs into effect upon the filing of a motion for enlargement. See, e.g., Three Lions Constr., Inc. v. The Namm Grp., Inc., 183 So. 3d 1119, 1119-20 (Fla. 3d DCA 2015) (rejecting the argument that a motion to enlarge time under rule 1.090(b) tolled the time to respond to a proposal for settlement where the party seeking the enlargement "did not obtain a hearing on the motion prior to the expiration of the time for acceptance of the Proposal" and the motion was not otherwise agreed to by the parties).

motion to extend prevents expiration, the offeree will likely always file one since there is no downside to doing so.  If the motion is ever called up for hearing, the worst that can happen is the motion is denied and all that extra time will have been bought during which the offer (which cannot be "withdrawn" without losing the right to fees) can be accepted at leisure.

692 So. 2d at 228-29 (Griffin, J., concurring in part and dissenting in part).  The existence of these problems is all the more reason to apply the rules as they are written, leave enlargements of time to the discretion of the trial judge in accord with those rules, and leave any broader policy issues with the rules to the body to which the law commits them—the supreme court.

III.

We hold that the filing of a motion to enlarge time to respond to a proposal for settlement does not automatically toll that time pending a decision on the motion.  Accordingly, we reverse the final judgment, remand for further proceedings consistent with this opinion, and certify conflict with Goldy.

Reversed; remanded; conflict certified.

SILBERMAN and BADALAMENTI, JJ., Concur.