421 So.2d 1119 (1982)
INTERNATIONAL STUDIO APARTMENT ASSOCIATION, INC., and Royal Coast Condominium Association, Inc., Florida Corporations Not for Profit, Appellants,
v.
Robert E. LOCKWOOD, Etc., et al., Appellees.
No. 81-1998.
District Court of Appeal of Florida, Fourth District.
November 24, 1982.
Rod Tennyson and David St. John of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellants.
Harry A. Stewart, Gen. Counsel, and Alexander Cocalis, Deputy Gen. Counsel, for Broward County, Fort Lauderdale, for appellees.
Charles F. Schoech, County Atty., and David M. Wolpin, Asst. County Atty., West *1120 Palm Beach, for Palm Beach County as amicus curiae.
HERSEY, Judge.
Appellant non-profit corporations filed a class action suit against Broward County and the Clerk of the Circuit Court of the Seventeenth Judicial Circuit. The gravamen of their complaint was that litigants who had deposited money in the registry of the circuit court were entitled, upon prevailing in the litigation which occasioned that deposit, to be paid the interest which had accrued on the deposit while the litigation was pending. This appeal was brought from an order dismissing with prejudice an amended complaint requesting that relief.
The initial deposits in the registry of the court by members of the class were apparently made in accordance with Section 718.401(4), Florida Statutes (1977), since the related litigation arose out of disputes involving condominium recreation area leases. The statute permitted members of the class to pay rent due under such leases into the registry of the court pending resolution of the dispute and prevented the lessor from taking action to dispossess or otherwise penalize defaulting tenant/class members provided rent payments were timely paid into the registry.
Another statute, Section 28.33, Florida Statutes (1977), authorized the clerk of the circuit court to invest funds deposited into the registry of the courts and provided that interest earned in this fashion would be deemed income of the office of the clerk of the circuit court. This latter statute was tested and declared constitutional by the Florida Supreme Court in Beckwith v. Webb's Fabulous Pharmacies, Inc., 374 So.2d 951 (Fla. 1979). Thereafter, however, in Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980), that aspect of the statute which permitted the clerk to retain the income earned on deposited funds was declared unconstitutional. On remand the Florida Supreme Court further declared unconstitutional the portion of the statute authorizing the clerk to invest deposited funds. Beckwith, 394 So.2d 1009 (Fla. 1981).
The present suit was brought to test whether the holding of unconstitutionality in Webb's, 449 U.S. at 164-65, 101 S.Ct. at 452, would be applied retrospectively, to permit appellants to recover interest accrued during the pendency of the recreation area lease litigation, or prospectively only. The trial court determined that the holding should have only prospective effect. We agree.
The general rule is that judicial decisions in the area of civil litigation have retrospective as well as prospective application, subject to a well established exception which our supreme court carefully analyzed in Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944).
[W]here a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation. See 14 Am.Jur. p. 345, Sec. 130; 21 C.J.S., Courts, p. 329, § 194, subsec. b. Based upon a recognition of this commonsense exception to the rule, some of the courts have gone so far as to adopt the view that the rights, positions, and courses of action of parties who have acted in conformity with, and in reliance upon, the construction given by a court of final decision to a statute should not be impaired or abridged by reason of a change in judicial construction of the same statute made by a subsequent decision of the same court overruling its former decision. Accordingly, such courts have given to such overruling decisions a prospective operation only, in the same manner as though the new construction had been added to the statute by legislative amendment.
Id. at 253.
From 1973 until 1980 parties litigant deposited funds in the registry of Florida courts and the clerks invested those funds and disposed of investment income in reliance *1121 on the statute which, in 1979, was stamped with the imprimatur of the Supreme Court of Florida. Had the 1980 decision declaring the statute unconstitutional emanated from the Florida Supreme Court rather than the Supreme Court of the United States, it would have qualified as an "overruling decision" and the exception permitting prospective operation only would have applied. Certainly the public policy considerations which created the impetus for the establishment of the "prospective operation only" exception in the first instance apply with no less compelling force where the "court of supreme jurisdiction" takes its authority from the federal rather than a state constitution. In view of the fact that neither the Supreme Court of the United States nor the Florida Supreme Court specifically addressed the issue, we conclude that in the absence of a superior and compelling federal principle, the "prospective operation only" exception should be applied in situations such as those represented by the present case.
Further, there is at least a hint in the Florida Supreme Court's earlier decision upholding the constitutionality of the statute that at least that court (Florida Supreme Court) would apply such a ruling only prospectively. The trial court in Webb's invalidated the statute. Upon direct appeal the Florida Supreme Court reversed the trial court and upheld the statute. Interestingly, in doing so, the court specifically ruled that its decision would "apply in this case and in all cases where deposits of funds are made after the effective date of this opinion." In other words the ruling was given prospective effect only. Although no reasons were given for doing so, it seems apparent that the court was concerned that others may have relied on the trial court ruling invalidating the statute. Surely, if persons who have relied on the invalidity of a state statute are to be protected, it would make no sense to afford less protection to those who have acted in good faith reliance on the validity of the statute.
Turning then to an examination of the federal precedent, Chevron Oil Company v. Huson, 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), promulgated a three phase test which is applied to determine whether a decision should have retroactive effect. Formulating that test the court stated:
First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e.g., Hanover Shoe, Inc. v. United Show Machinery Corp., supra, 392 U.S., [481] at 496, 88 S.Ct., [2224] at 2233, [20 L.Ed.2d 1231] or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., Allen v. State Board of Elections, supra, 393 U.S., [544] at 572, 89 S.Ct., [817] at 835 [22 L.Ed.2d 1]. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Linkletter v. Walker, supra, 381 U.S., [618] at 629, 85 S.Ct., [1731] at 1738 [14 L.Ed.2d 601]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the `injustice or hardship' by a holding of nonretroactivity." Cipriano v. City of Houma, supra, 395 U.S., [701] at 706, 89 S.Ct. [1897] at 1900 [23 L.Ed.2d 647].
Id. 404 U.S. at 106-07, 92 S.Ct. at 355-356. It is important to note that all three tests must be met. Valencia v. Anderson Brothers Ford, 617 F.2d 1278 (7th Cir.1980); N.L.R.B. v. Lyon & Ryan Ford, Inc., 647 F.2d 745 (7th Cir.1981). In refining the first factor, the supreme court noted the difficulty of reconciling the constitutional interests reflected in a new rule of law with reliance interests founded in the old. Lemon v. Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973). According to the court,

*1122 We have approved nonretroactive relief in civil litigation, relating, for example, to the validity of municipal financing founded upon electoral procedures later declared unconstitutional, Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969), and City of Phoenix, Arizona v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); or to the validity of elections for local officials held under possibly discriminatory voting laws, Allen v. States Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969). In each of these cases, the common request was that we should reach back to disturb or to attach legal consequence to patterns of conduct premised either on unlawful statutes or on a different understanding of the controlling [sic: effect?] of judge-made law from the rule that ultimately prevailed.
Id. 411 U.S. at 197-198, 93 S.Ct. at 1467-1468.
The court then stated, "statutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct. This fact of legal life underpins our modern decisions recognizing the doctrine of nonretroactivity." Id. at 199, 93 S.Ct. at 1468.
In the instant case, the litigants, particularly appellees, relied upon section 28.33 without question. Thus, the unconstitutionality of the statute was an issue of first impression (in Webb's Fabulous Pharmacies) whose resolution was not clearly foreshadowed. More specifically, the clerk of the circuit court in this case, pursuant to section 28.33, invested the funds deposited by litigants into the court registry and, in reliance on section 28.33, retained the interest earned, using it for the operation of his office and turning over any balance to the Board of County Commissioners.
In our view retrospective operation of Webb's Fabulous Pharmacies will neither further nor retard the rule (constitutional protection against deprivation of property without due process), so that the second factor in the Chevron test is similarly satisfied. As stated in Lemon, 411 U.S. at 201-02, 93 S.Ct. at 1469-1470, which dealt with the question of retroactive application of a decision holding a statutory program to reimburse nonpublic sectarian schools for certain secular educational services unconstitutional:
The sensitive values of the Religion Clauses do not readily lend themselves to quantification but, despite the inescapable imprecision, we think it clear that the proposed distribution of state funds to Pennsylvania's nonpublic sectarian schools will not substantially undermine the constitutional interests at stake in Lemon I... .
... Second, there is the question of impinging on the Religion Clauses from the fact of any payment that provides any state assistance or aid to sectarian schools  the issue we did not reach in Lemon I. Yet even assuming a cognizable constitutional interest in barring any state payments, under the District Court holding that interest is implicated only once under special circumstances that will not recur.
Here, as in Lemon, even if for the sake of argument a taking is assumed, the constitutional interest is implicated only once and under circumstances that will not recur, the statute having been effectively eliminated. In determining whether nonretroactive application of Webb's will undermine the constitutional interest at stake, it is important to consider the exact nature of that constitutional interest in relation to the present case. First, appellants apparently never questioned the constitutionality of section 28.33 either at the time the funds were deposited in the court registry, during the pendency of the claim, or when they were ultimately determined to be the owners of the principal deposited. Thus, appellants did not evidence a belief that any constitutional rights were being violated as did the parties in Webb's. Further, had the clerk not invested the funds pursuant to the statute, there would have been no interest earned and therefore no "property" subject to a "taking." Accordingly, appellants are in the same position they would have been *1123 in had the statute not been in existence  without interest on the deposited funds  thus retrospective operation of Webb's has no measurable effect on the constitutional interest in question.
Lastly, if applied retroactively, Webb's could preclude injustice and hardship on the clerk and county by mandating the return of monies long since expended. In this regard this case is strikingly similar to the circumstances present in Gulesian v. Dade County School Board, 281 So.2d 325 (Fla. 1973), wherein the court refused to order a refund of taxes collected in good faith by the school board under a presumptively valid state statute which was subsequently judicially invalidated. Appellants, on the other hand, are now in the same position as if the statute had never been in operation. Thus, even though retention of the interest earned was characterized as a taking in Webb's, appellants suffer no hardship or injustice since they have the principal, the amount to which they were entitled both before and after operation of the statute.
Concluding, we point out that neither the Florida Supreme Court nor the Supreme Court of the United States spoke to the issue of whether the unconstitutionality of section 28.33 was to be given retroactive effect. Application of the analagous Florida rule and the specific federal rule each produces the identical result. Based upon the principles derived from both federal and Florida precedent we affirm the order dismissing appellants' amended complaint with prejudice.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.