HARRIS, Judge.
Albert Dupont died within six months of executing his will devising a substantial share of his estate to the Florida Elk’s Children’s Hospital. His children, pursuant to section 732.803, Florida Statutes (1989), filed the statutory notice to void the bequest. The hospital challenged this attempt to void the bequest shortly before the estate was to be finally closed. The trial court dismissed the hospital’s challenge on the basis that Shriner’s Hospital for Crippled Children v. Zrillic, 563 So.2d 64 (Fla.1990) was not retroactive, and even if retroactive, the hospital was estopped to object because of “waiver, estoppel, and laches.”
The only issue that merits discussion is the effect that Zrillic has on this case. We find that Zrillic is both retroactive and dispositive and the trial court’s order dismissing the objection must be reversed.
In Taylor v. Payne, 154 Fla. 359, 17 So.2d 615, rev. dismissed, 323 U.S. 666, 65 S.Ct. 49, 89 L.Ed. 541 (1944), the supreme court upheld the constitutionality of section 731.19, the forerunner of the mortmain statute involved in this action, against the challenge that it denied the testator and the legatees “due process” and equal protection. This issue was revisited in Zrillic and the supreme court held the present statute unconstitutional because the legislature lacked the power to deprive a testator of his constitutional right, under the Florida Constitution, to devise his property; it also lacked the power to deny equal protection to testators depending on the length of time between the execution of the will and the testator’s death.
Since the statute is invalid because of a lack of power, it is void ab initio.[1] Since the statute is void, the authority of the children to revoke the bequest is likewise void. The notice filed by the children had no legal effect and therefore the hospital’s failure to promptly contest it (the challenge was filed about four months after Zrillic was issued but while the probate action was still pending) cannot be held to have been a waiver, nor constitute estoppel or laches.
Appellees and the dissent nonetheless argue that Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944) requires that the statute should be recognized as valid until the subsequent supreme court invalidation. We disagree for two reasons. First, it would be arrogant for the court to hold that although the legislature is powerless to deprive Albert Dupont of his right to devise his property as he sees fit, the court can do so merely by the fiat of declaring the effect of the statute’s unconstitutionality prospective only. McCormick holds that it is only when the invalidity of the statute is based on form, as opposed to power, that the. court may recognize an interim validity *540 based on equitable principles. If Strickland permits the court to recognize even temporary legislative power which does not exist and which results in a loss of Du-pont’s constitutional rights, would Strickland not also be unconstitutional?
Second, Strickland simply does not stand for that proposition. Strickland dealt with a subsequent construction of a procedural statute.
It is true that in a reexamination of the statute law pertaining to the procedure provided for the review of compensation orders by the circuit court, this court, in the cited case, arrived at the decision that “no right of appeal is given to the circuit court from the order or award of a deputy commissioner; only the right to appeal from an order or award of the Full Commission being provided by the statutes.”
# ⅝ >¡e # #
The compensation claimant in the present case proceeded in strict accordance with the then prevailing judicial interpretation of the statutes in force for the review of compensation orders. The employer and the compensation carrier followed him into circuit court without objection. It could not then have been known by him, or even surmised, that before his litigation would become terminated by final decision the statutory steps taken by him in good faith and in reliance upon a prevailing decision construing the statute would be declared by subsequent overruling decision to be ineffectual to accomplish the purpose desired.
Strickland, 18 So.2d at 252, 253-4.
It is evident that Strickland involved the construction of a statute — not the determination that the statute, in law, did not exist.
The dissent, conceding that section 732.-803 is void because of a lack of power, nonetheless relies on Strickland and Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and urges that the unconstitutionality of the statute should be held prospective only as it applies to this case based on case-specific equitable principles. As indicated, Strickland did not involve a constitutional issue. The same is true of Huson which involved the applicability of the Louisiana statute of limitation — not a constitutional issue. The dissent cites several cases for the proposition that a court may elect to make the effect of its rulings prospective only (some even holding a statute unconstitutional on the basis of lack of power) because of equitable principles. We urge, however, that once constitutional rights are found to exist, the court has no more authority to deny those rights than does the legislature.[2] The constitution does not except the courts from its application. But power is another matter. The court’s power is limited only by the discretion of its judges — and the willingness of the public to accept its judgments. If a court is willing to assert power, then authority becomes irrelevant and logic coincidental. The more the court relies on power jurisprudence, however, the less likely its judgments will be accepted.
With that in mind, our first consideration should be whether the doctrine of prospective application applies to this case. It is indeed an anemic principle of law whose only justification is that “we did it that way before.” Particularly when the previous applications of the principle were not based on reasoned analysis of constitutional authority but merely on the judicial fiat of the deciding court.[3] Because this principle of *541 selective application of constitutional rights must admittedly deny some their constitutional rights, it should be used, at most, sparingly. It should not be extended to other areas of the law, or to different facts or issues, without first conducting a critical analysis of precedent and the affect of its application on the present situation.
We find that the doctrine of prospective application does not and should not apply to this case for several reasons.
First. In each of the cases cited by the dissent, it was the deciding court that determined that its decision should be prospective only. In no case did an inferior court limit the application of a superior court’s finding of unconstitutionality.[4] The supreme court in Zrillic did not so limit their finding that the legislature could not deprive Dupont of his right to devise his property as he saw fit. It would be presumptuous of us to do so.
Second. In each of the cited Florida cases where the doctrine of prospective application has been applied, there have been a large number of people who took affirmative action (generally paying taxes) in response to statutory obligations. And in these cases, prejudice was presumed if the doctrine was not applied. There was no case-specific analysis of prejudice, as urged by the dissent in this case, before determining to apply the prospective application doctrine. A case by case determination as to whether the result of Zrillic should be retroactive or prospective opens another area of constitutional challenge — the unequal protection of law. At least if the deciding court makes that determination, all potential claims prior to the determination are treated the same.
Third. The type of reliance urged in this case has never been recognized as a proper basis for the prospective application doctrine. In a case such as ours, the only possible “reliance” of a potential beneficiary is that he can thwart the testamentary plan of the testator if the testator dies within six months of the bequest. And the period of reliance can not even start until the testator dies. The hardship of the parties involved in this situation and the potential disruption of the court system by opening the doors to a multitude of cases hardly compares in scope or extent with the motivating factors which caused the cited courts to apply the doctrine of prospective application. Further, because of the nature of the statute involved in this case, the dissent’s reliance on American Trucking is misplaced. The beneficiaries did not (and could not) rely on the previous holding in Taylor v. Payne as to the continuing validity of section 732.803 because they took no action in reliance on such section (other than filing the notice to void bequest after the testator’s death and that, of course, occurred in the probate action which is the subject of this appeal). This cause should be treated, therefore, as any other “pipeline” case.
Fourth. The nature of the reliance in this case, which might affect the hospital’s ability to recover the distributions made during the pendency of probate, cannot justify withholding the remaining funds available to meet the bequest. The proposition that "we got some, therefore we should get all” is hardly an equitable principle to be applied in this case.
Finally, as indicated earlier, this is a pipeline case. The case was pending in the trial court when Zrillic was decided. Zril-lic was properly, if somewhat tardily, raised before the lower court and a ruling was made on that issue. Any retroactive/prospective argument aside, in this case the Zrillic result is the law that should be applied.
As our supreme court held in Florida East Coast Railway Company v. Rouse, 194 So.2d 260, 262 (Fla.1967):
*542 A change in the state of the law, intervening between trial and appeal, seldom occurs and is usually not foreseeable. The change in this cause was not foreseeable, the comparative negligence statute having been held valid in 1942. Nevertheless, and notwithstanding the failure of the parties, at the trial level, to attack the validity of the statute, the appellate court was required to apply the law as it existed at the time of appeal. [The court in the interim had ruled the statute unconstitutional]. [Footnote omitted].
It appears that if a change in the law occurring after the lower court ruling must be applied to the decision, even if not properly raised, certainly a change in the law occurring during the lower court proceeding, and raised, must also be given effect.
REVERSED and REMANDED for action consistent with this opinion.
HAMMOND, K.C., Associate Judge, concurs.
DIAMANTIS, J., dissents with opinion.

. Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991); McCormick v. Bounetheau, 139 Fla. 461, 190 So. 882 (Fla. 1939).

. No one would suggest, for example, that the legislature could validly enact a statute providing that even if the statute is beyond the authority of the legislature, nonetheless it shall be given effect (and rights accrue) until its unconstitutionality is determined.

. None of the cited cases, except Aldana and Intern. Studio Apartment Ass’n v. Lockwood, 421 So.2d 1119 (Fla.4th DCA 1982), rev. denied, 430 So.2d 451 (Fla.1983), give any analysis of competing interest in order to justify the prospective application of the statute’s unconstitutionality. At least in Aldana, the court justified its decision not to make its decision retroactive on the basis that to do so would insignificantly benefit the numerous plaintiffs while causing extreme hardship to the defendant school board. Lockwood was influenced by the fact that there would have been no funds “constitutionally" belonging to the claimants had not the clerk of court relied on the unconstitutional statute. Since the funds generated by the clerk *541 by investing the court deposits are no longer available (they were spent by the clerk), the affect on the claimants is as though the statute never existed. None of these cases, however, discuss the court’s authority to recognize an interim constitutionality concept.

. Lockwood at first appears to be an exception to this statement. However, in Lockwood there was a specific finding that the supreme court had indicated that it would apply such ruling only prospectively.