743 So.2d 623 (1999)
Patricia DONOHOE, individually, and TBM Staffing, Inc., a Florida corporation, Appellants,
v.
STARMED STAFFING, INC., a Delaware corporation, Appellee.
No. 98-02808.
District Court of Appeal of Florida, Second District.
October 22, 1999.
*624 Thomas W. Dickson and Luis A. Cabassa of Fechter & Dickson, P.A., Tampa, for Appellants.
Samuel L. Bare, III of Bare & Associates, Miami, for Appellee.
THREADGILL, Acting Chief Judge.
The appellants, Patricia Donohoe and TBM Staffing, Inc., defendants in an action for violation of an employment agreement, appeal an order denying their motion for attorney's fees and costs. Their motion for fees was based upon an offer of judgment they served upon the plaintiff/appellee StarMed Staffing, Inc., pursuant to section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442. The trial court denied the motion. The appellants claim the trial court erred in determining that the appellee's motion for enlargement of time tolled the time in which it could respond to the offer of judgment. They also claim that the trial court abused its discretion in determining that the offer of judgment was not made in good faith. Because there is no evidence in the record to support the trial court's finding of an absence of good faith, we reverse.
Section 768.79(1), governing offers of judgment, entitles a defendant to an award of reasonable costs and attorney's fees if the defendant's offer of judgment is not accepted and if the judgment ultimately obtained is one of no liability or is at least twenty-five percent less than the offer. If a party is entitled to such costs and fees, the court may, in its discretion, still disallow an award of costs and fees if it determines that the proposal was not made in good faith. See § 768.79(7)(a), Fla. Stat.; Fla. R. Civ. P. 1.442(h)(1). The statute places the burden on the offeree to prove the absence of good faith. See Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), approved by TGI Friday's, Inc., v. Dvorak, 663 So.2d 606 (Fla.1995). The obligation of good faith insists that the offeror have some reasonable foundation on which to base an offer. See 629 So.2d at 1039.
In this case, at the time the appellants made the offer of judgment, they had taken the depositions of the appellee's president and vice-president. At the hearing on the motion for fees, counsel for the appellants represented to the trial court that the deposition testimony of the appellee's witnesses failed to establish any basis for the lawsuit. As a result, the appellants filed the offer of judgment.
When the appellee received the offer of judgment, it asked the appellants to extend the time for responding to the offer until it could complete the depositions of Ms. Donohoe and Kevin Little, TBM's president. Counsel for the appellants declined, expressing their belief that the depositions of Ms. Donohoe and Mr. Little would not provide any additional information *625 to change their view. Thereafter, the appellee filed with the trial court a motion for enlargement of the time to respond. This motion was never heard, nor was it ever scheduled with the trial court to be heard.
As noted above, the obligation of good faith merely requires that the offeror have a reasonable foundation on which to base the offer. See Schmidt, 629 So.2d at 1039. It does not demand that the offeror possess, at the time he makes the offer, the kind or quantum of evidence needed to support a judgment. See id. In this case, counsel for the appellants had deposed the appellee's witnesses and had discerned no basis for the lawsuit. Counsel for the appellee represented that the appellants exhibited a lack of good faith by repeatedly delaying discovery depositions until after the deadline for accepting the offer had passed. The correspondence between counsel regarding the scheduling of depositions does not establish an absence of good faith, however, and there is no other evidence in the record to support this claim. Thus, the trial court abused its discretion in finding that the offer was not made in good faith.
The trial court also found that the appellee's motion for enlargement of time had the effect of tolling the time in which to respond to the offer, relying on Goldy v. Corbett Cranes Services, Inc., 692 So.2d 225 (Fla. 5th DCA 1997). Goldy, however, is distinguishable from the instant case, because the offer of judgment in Goldy was withdrawn before the motion for enlargement could be heard. In this case, the appellee chose not to set its motion for a hearing, because Ms. Donohoe's and Mr. Little's depositions had been scheduled.
We therefore reverse the trial court's order denying the appellants' motion for attorney's fees and costs and remand with directions to grant the motion.
Reversed and remanded.
FULMER, J., and JACOBSEN, DONALD G., Associate Judge, Concur.