# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-880
Lower Tribunal No. 12-35583
_____

## Three Lions Construction, Inc.,
Appellant,

vs.

## The Namm Group, Inc., etc.,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Marisa Pia Capua, for appellant.

Smith, Currie & Hancock and Brian A. Wolf and Daniel M. Carrico (Ft. Lauderdale), for appellee.

Before SUAREZ, C.J., and FERNANDEZ and LOGUE, JJ.

SUAREZ, C.J.

Appellant Three Lions Construction, Inc. ("Three Lions") challenges the

denial of its motion for attorney's fees, based on a proposal for settlement, after

dismissal of the underlying action by Appellee The Namm Group, Inc. ("Namm"). We reverse.

During the pendency of the underlying litigation, Three Lions served on Namm a Proposal for Settlement pursuant to Section 768.69, Florida Statutes (2012) and Rule 1.442, of the Florida Rules of Civil Procedure on Namm. Prior to the expiration of the time within which it could properly accept the Proposal, Namm filed a Motion for Extension of Time to Accept Settlement Proposal. However, Three Lions did not agree to the extension of time and Namm took no steps to have the motion heard.

More than 90 days later, Namm served a Notice of Acceptance of the Settlement Proposal. After being notified by Three Lions that the purported acceptance was untimely, Namm filed a Notice of Voluntary Dismissal. Within 30 days after the voluntary dismissal, Three Lions filed a Motion for Fees and Costs, pursuant to the Proposal for Settlement. Following other proceedings not relevant here, and a hearing, the trial court denied the motion without explanation.

We reverse because Namm's Motion for Extension of Time to Accept Settlement Proposal was ineffective to toll the time for acceptance of the proposal, where Three Lions did not agree to the extension and Namm did not obtain a hearing on the motion prior to the expiration of the time for acceptance of the Proposal. Donohoe v. Starmed Staffing, Inc., 743 So. 2d 623 (Fla. 2d DCA 1999); 5 Fla. Prac., Civil Procedure §11:5 n.22. Because Three Lions' Proposal for

2

Settlement was otherwise proper, it was entitled to attorney's fees based on that Proposal. We reject Appellee's claim that the Proposal did not satisfy the requirements of <u>Diamond Aircraft Industries, Inc. v. Horowitch</u>, 107 So. 3d 362, 377 (Fla. 2013).

Reversed and remanded for determination of the amount of Three Lions' fees by the trial court.