# Supreme Court of Florida

_____

No. SC16-1474
_____

**DONNA KOPPEL,**
Petitioner,

vs.

**LAURA OCHOA, et al.,**
Respondents.

[May 17, 2018]

QUINCE, J.

We have for review the decision of the Second District Court of Appeal in

_Ochoa v. Koppel_, 197 So. 3d 77 (Fla. 2d DCA 2016), in which the district court

certified conflict with _Goldy v. Corbett Cranes Services, Inc._, 692 So. 2d 225 (Fla.

5th DCA 1997), regarding whether the filing of a motion under Florida Rule of

Civil Procedure 1.090 to enlarge the time to accept a proposal for settlement

automatically tolls the 30-day deadline for accepting the proposal until the motion

is decided. We have jurisdiction. _See_ art. V, § 3(b)(4), Fla. Const. For the reasons

that follow, we conclude that a motion to enlarge does not toll the time to accept a

proposal for settlement. Accordingly, we approve the decision of the Second

District and disapprove the decision of the Fifth District.

**FACTS**

The Second District set forth the following facts:

On December 9, 2011, Ms. Ochoa was injured in a crash with a car driven by Ms. Koppel. In April 2013, she sued Ms. Koppel, alleging negligence and seeking damages to compensate her for her injuries.

On September 3, 2013, Ms. Ochoa served Ms. Koppel with a proposal for settlement pursuant to section 768.79 and rule 1.442. The proposal offered to dismiss the action with prejudice in exchange for a lump-sum payment by Ms. Koppel of $100,000. Rule 1.442(f)(1) provides that a proposal for settlement is "deemed rejected" if not accepted within thirty days after service of the proposal, and Ms. Ochoa's proposal stated that it would be withdrawn if not accepted within that time. On the same day she served the proposal, Ms. Ochoa filed a notice that the case was ready for trial.

On October 2, 2013—one day before the thirty-day period to accept the settlement proposal expired—Ms. Koppel filed a motion seeking to enlarge the time in which to respond to the proposal. The motion cited Florida Rule of Civil Procedure 1.090, which governs enlargements of time, and alleged that Ms. Koppel had not had sufficient time to evaluate the proposal because (1) she had recently received through discovery a new MRI report bearing on Ms. Ochoa's alleged injuries and (2) the case remained "in its infancy" and Ms. Ochoa's deposition had not been taken. Ms. Ochoa later filed a notice setting a hearing on the motion for December 2, 2013.

Although we do not have a transcript of the hearing, the parties agree that the court did not render a decision on December 2 and that it instead requested that the parties submit additional authorities on or before December 5. The day after the hearing, on December 3, 2013, Ms. Koppel served a notice purporting to accept the proposal for settlement. Two days later, on December 5, 2013, she provided the court with the authorities it had requested. Later that day, the court

- 2 -

entered an order denying Ms. Koppel's request to enlarge the time in which to accept the proposal for settlement.

Ms. Ochoa next filed a motion to strike Ms. Koppel's notice accepting the proposal for settlement on grounds that it was untimely. Ms. Koppel opposed the motion and argued that under the Fifth District's decision in *Goldy* [*v. Corbett Cranes Services, Inc.*, 692 So. 2d 225 (Fla. 5th DCA 1997)], her filing of a motion to enlarge time under rule 1.090 tolled the thirty-day period in which she was authorized to accept the proposal. According to Ms. Koppel, the period remained tolled until the trial court denied her motion for enlargement of time on December 5, 2013. Ms. Koppel coupled her response to the motion to strike with a motion to enforce the settlement that she asserted was created by her acceptance of Ms. Ochoa's proposal for settlement.

After a hearing, the trial court agreed that Ms. Koppel's filing of a motion to enlarge time tolled the time she had to accept the settlement proposal, denied the motion to strike the notice of acceptance, and granted the motion to enforce settlement. The trial court then entered a final judgment dismissing Ms. Ochoa's case with prejudice based upon the proposal and acceptance. Ms. Ochoa timely appealed.

*Ochoa*, 197 So. 3d at 78-79.

On appeal, the district court reversed the trial court, finding that the texts of rules 1.090 and 1.442 were "unambiguous in that neither contains language that could in any way be construed as providing that the time to accept a proposal for settlement is tolled when a motion to enlarge the time to do so is filed." *Id.* at 80. In rejecting Koppel's argument that *Goldy* was controlling, the court stated that the Fifth District's decision "seem[ed] . . . inconsistent with the concept of a strictly construed deadline" and certified conflict. *Id.* at 83.

**ANALYSIS**

The conflict issue presented is whether the filing of a motion under Florida Rule of Civil Procedure 1.090 to enlarge the time to accept a proposal for settlement automatically tolls the 30-day deadline for accepting the proposal until the motion is decided. The standard of review in determining whether an offer of settlement and purported acceptance comport with Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2013), is de novo. *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015). Similarly, the standard of review of a court's interpretation of the rules of civil procedure, in this case Florida Rule of Civil Procedure 1.090(b), is also de novo. *Strax Rejuvenation & Aesthetics Institute, Inc., v. Shield*, 49 So. 3d 741 (Fla. 2010).

**Relevant Provisions**

Section 768.79, Florida Statutes (2013), governs offers of judgment, and "provides a sanction against a party who unreasonably rejects a settlement offer." *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003). Section 786.79 provides, in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs

and attorney's fees against the award . . . .If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

Rule 1.442 outlines the procedures that must be followed when implementing section 786.79. The rule provides, in relevant part:

(f) Acceptance and Rejection.

(1) A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal. The provisions of Florida Rule of Judicial Administration 2.514(b) do not apply to this subdivision. No oral communications shall constitute an acceptance, rejection, or counteroffer under the provisions of this rule.

Rule 1.090(b) governs the enlargement of time periods established by the civil rules. It provides, in relevant part:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.

## Certified Conflict

In *Goldy*, the conflict case, the plaintiff submitted an offer of judgment to the defendant. 692 So. 2d at 226. In accordance with rule 1.442, the offer was set to expire in 30 days, on March 6. *Id.* The plaintiff then granted the defendant a gratuitous extension of time. *Id.* Under the extension, the offer would expire on March 29. *Id.* On March 14, the defendant filed a motion pursuant to rule 1.090 to enlarge the time to respond to the offer. *Id.* In response, the plaintiff directed a letter to the defendant stating that the offer would be withdrawn and no longer effective after March 29. *Id.* The motion to extend was never heard by the trial court in view of the plaintiff's absolute withdrawal. *Id.*

The jury verdict exceeded the plaintiff's settlement offer by 125%. *Id.* at 226. Following the verdict, the plaintiff filed a motion for sanctions against the defendant. *Id.* The trial court granted the defendant's motion to dismiss the request for sanctions, finding that the plaintiff's offer was withdrawn and rendered void in the March 25 letter. *Id.* On appeal, the Fifth District agreed with the trial court, which held that the defendant's motion to extend time "effectively tolled the responsive period until the motion could be heard." *Id.* at 228. Thus, the offer did not expire on March 29 and instead was withdrawn on March 29. *Id.* Consequently, the district court found that the plaintiff was not entitled to sanctions under a settlement offer that had not yet expired but instead had been withdrawn.

In support of its conclusion, the district court in *Goldy* quoted with approval the trial court's order, which relied on *Morales v. Sperry Rand Corp.*, 601 So. 2d 538 (Fla. 1992), and *Nationwide Mutual Fire Insurance Co. v. Holmes*, 352 So. 2d 1233 (Fla. 4th DCA 1977), two cases that also involved time periods that were to be strictly construed. *Id.* In *Morales*, we held that a motion seeking to extend the period within which to serve an adverse party with initial process only needed to be filed, not ruled on, within the 120-day period in order to avoid dismissal of the suit. 601 So. 2d at 540. In *Nationwide*, the Fourth District Court of Appeal held that a motion seeking to extend the period within which to substitute a party following the death of a party only needed to be filed within the 90-day period following suggestion of death, not ruled on, in order for the suit to avoid automatic dismissal. 351 So. 2d at 1234. Based on these cases, the district court agreed with the trial court's statement that it was "logical then to conclude that a motion to enlarge the period within which to respond to an Offer of Judgment would effectively toll the responsive period provided that the motion [was] filed before the period had otherwise expired." *Goldy*, 692 So. 2d at 228.

Judge Griffin concurred in part and dissented in part in *Goldy*. *Id.* at 228-29. She expressed concern with the court's holding that "the mere filing of a motion to extend the deadline for response to an offer of judgment tolls the time for its expiration." *Id.* at 228. Instead, she believed that "[t]he deadline must be extended

- 7 -

before the expiration occurs. . . . [O]therwise, any offer of judgment could be stymied in this way." *Id.* Despite this, she was not troubled by the outcome due to the plaintiff's use of the word "withdrawn." *Id.* at 229. Because the "rules and statutes should be strictly complied with," the judge believed that any misunderstanding regarding the effect of the word "withdrawn" on the offer should still disfavor an award. *Id.*

In this case, the plaintiff submitted an offer of judgment to the defendant. The offer was set to expire on October 3. 197 So. 3d at 78. On September 3, the plaintiff provided the defendant with an MRI report and a neurosurgical evaluation not previously disclosed. On October 2, the defendant filed a motion to enlarge the time to respond to the offer. *Id.* at 79. The defendant argued that she had not had the opportunity to review the offer of judgment in light of the new medical information disclosed and the fact that the plaintiff's deposition had not been taken. *Id.* The plaintiff later filed a notice setting a hearing on the motion for December 2. *Id.*

The trial court heard the motion on December 2 and ordered additional authorities from the parties. *Id.* On December 3, the defendant accepted the offer and on December 5, the defendant provided the court with the additional authorities it had requested and the trial court entered an order denying the motion to enlarge time. *Id.* The plaintiff then filed a motion to strike the defendant's

acceptance of the offer, arguing that the defendant's acceptance on December 3 was untimely. *Id.* The defendant opposed the motion and argued that under *Goldy* the motion to extend tolled the time to accept the offer. *Id.* The trial court agreed, and granted the motion to enforce the settlement. *Id.*

In reversing the trial court's order to enforce the settlement, the district court found that the texts of rules 1.090 and 1.442 were unambiguous and could not be construed in any way to provide for tolling once a motion to enlarge had been filed. *Id.* at 80. The court stated that holding otherwise "grants a party a de facto enlargement of time—without the judicial supervision, exercise of discretion, and substantive showings rule 1.090 requires—until the motion is decided." *Id.* at 81. Because the court could not "reconcile the Fifth District's holding with the requirement that civil rules be interpreted in accord with ordinary principles of statutory construction," the court certified conflict with *Goldy*. *Id.* at 82.

**Interpretation**

"It is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction." *Saia Motor Freight Line, Inc., v. Reid*, 930 So. 2d 598, 599 (Fla. 2006). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So.

157, 159 (Fla. 1931)); *accord Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 454 (Fla. 1992).  If, however, the language of the rule is ambiguous and capable of different meanings, this Court will apply established principles of statutory construction to resolve the ambiguity.  *See, e.g.*, *Gulfstream Park Racing Ass'n, Inc. v. Tampa Bay Downs, Inc.*, 948 So. 2d 599, 606 (Fla. 2006).

Neither party argues that rules 1.090 and 1.442 are ambiguous.  Despite this, Petitioner contends that this Court should look to rule 1.010 to construe the provisions.  Rule 1.010 provides that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every action."  However, this is the direction only if a rule needs interpretation.  Here, the language is clear and unambiguous.  Accordingly, there is no need to resort to the rules of statutory interpretation, which would require us to consider the purpose of the rules as outlined in rule 1.010.

Instead, it is clear from the plain language that neither rule contains language that would provide for tolling once a motion to enlarge is filed.  Rule 1.442 does not address the computation of time.  In regards to accepting an offer for settlement, the rule states that (1) delivery of a written notice within 30 days is required, (2) Florida Rule of Judicial Administration 2.154(b) does not apply, and (3) oral communication cannot serve as an acceptance, rejection, or counteroffer.

Rule 1.090 allows for the time period set forth in rule 1.442 to be enlarged, but this enlargement is at the trial court's discretion if the motion was filed before expiration of the time period and cause has been shown. After the time period has expired, the trial court still has discretion to enlarge the time period if the moving party can demonstrate excusable neglect in addition to cause. Nowhere does the rule allow additional time to accept by simply filing the motion to enlarge. This seems consistent with the rule, which provides for additional time only after cause has been shown.

Petitioner argues that this Court should agree with the Fifth District's reasoning because it is consistent with the goals behind the Florida Rules of Civil Procedure and the public policy in favor of settlements. Petitioner contends that if rule 1.090 does not allow for automatic tolling upon filing, offerors will be able to surprise offerees with new discovery that offerees may not have time to consider before the 30-day window for acceptance closes. Additionally, if the motion must be heard before the offer expires, Petitioner worries that offerees in busier circuits will be disadvantaged if they are unable to secure a hearing on the motion to enlarge before the period to accept ends.

While these are valid concerns, it is apparent from the text of the rule that motions to enlarge are not granted without a showing of cause before the trial judge. As noted by Judge Griffin, and repeated by the Second District in *Ochoa*,

allowing the time to accept an offer of settlement to toll once a motion to enlarge has been filed would appear to provide an automatic period of enlargement and seems to undermine the rule as it is currently written. Without a showing of cause, an offeree could extend the offer indefinitely, all while the offering party continues to incur costs related to the case. In this case, the offeree did not extend the period indefinitely, but instead filed the motion to enlarge a day before it was set to expire. The court did not hear the motion until two months later, at which point the offeree accepted a day before the court denied the motion. Ultimately, the offeree accepted the offer 90 days after it was made without permission from the offeror or the trial court. The rules do not support this outcome.

Petitioner also argues that this Court should allow *Goldy* to stand because it has been the controlling law in Florida for the past 19 years. However, district courts have not agreed that rule 1.090 provides for tolling once a motion has been filed. The Second District first addressed this issue in *Donohoe v. Starmed Staffing, Inc.*, 743 So. 2d 623 (Fla. 2d DCA 1999), released two years after the Fifth District's decision in *Goldy*. In *Donohoe*, the defendants made an offer of settlement to the plaintiff and the plaintiff requested extra time to complete two depositions. 743 So. 2d at 624. The defendants refused to agree to an extension, and the plaintiff filed a motion to enlarge that was never set for hearing. *Id.* at 625. After trial, the defendants sought to recover their attorney's fees and costs, which

- 12 -

the trial court denied. *Id.* On review, the Second District reversed the trial court, finding the motion to enlarge did not toll the time to accept the offer and that *Goldy* was distinguishable because there the offer had been withdrawn. *Id.*

The Third District Court of Appeal came to a similar conclusion more recently in *Three Lions Construction, Inc. v. Namm Group, Inc.*, 183 So. 3d 1119 (Fla. 3d DCA 2015). There, the district court ruled that a corporation's motion for extension of time to accept a proposal for settlement was ineffective to toll the time for acceptance where the opposing party did not agree to the extension and the corporation did not obtain a hearing prior to the expiration of time. *Three Lions*, 183 So. 3d at 1119-20. Both *Donohoe* and *Three Lions* are more similar to the instant case, where Petitioner filed a motion to extend the time but did not set the motion for hearing before the period of time expired.

The Second District was correct in its conclusion that the filing of a motion to enlarge pursuant to rule 1.090 does not toll the time to accept an offer of settlement made under section 768.79. Accordingly, we approve the Second District's decision in *Ochoa* and disapprove the Fifth District's decision in *Goldy*.

**Prospective Application**

Petitioner argues that if we approve the Second District, this decision should be applied prospectively and not retroactively. In support of this position, Petitioner relies on *Florida Forest & Park Service v. Strickland*, 18 So. 2d 251

(Fla. 1944), *International Studio Apartment Assn., Inc. v. Lockwood*, 421 So. 2d 1119 (Fla. 4th DCA 1982), *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682 (Fla. 2d DCA 2009), and *Aronson v. Congregation Temple De Hirsch*, 123 So. 2d 408 (Fla. 3d DCA 1960).  However, none of these cases allows for a prospective application our holding in this case.

Judicial decisions in the area of civil litigation have retrospective as well as prospective application.  *Lockwood*, 421 So. 2d at 1120.  This includes decisions of a "court of last resort overruling a former decision . . . unless specifically declared by the opinion to have a prospective effect only."  *Strickland*, 18 So. 2d at 253. The exception Petitioner claims is based on case law construing judicial construction of a statute.  Such construction will ordinarily be deemed to:

> [R]elate back to the enactment of the statute, much as though the overruling decision had been originally embodied therein.  To this rule, however, there is a certain well-recognized exception that where a *statute* has received a given construction by a *court of supreme jurisdiction* and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation.

*Id.* (emphasis added).  However, the Second District is not a "court of last resort" or the court of supreme jurisdiction referred to in *Strickland* or *Lockwood*.  In *Lockwood*, the court also analyzed federal precedent because the decision declaring the statute at issue unconstitutional emanated from the United States Supreme

- 14 -

Court rather than this Court. *Lockwood*, 421 So. 2d at 1121-22. Such precedent has no application to this case.

In this case, the "court of last resort" is this Court, to which the Second District certified its conflict with *Goldy*. *See Nat'l Ins. Underwriters v. Cessna Aircraft Corp.*, 522 So. 2d 53 (Fla. 5th DCA 1988); *Cassidy v. Firestone Tire & Rubber Co.*, 495 So. 2d 801, 802 (Fla. 1st DCA 1986). Likewise, the Second District's decision did not qualify as an "overruling decision" as described in *Strickland* and *Lockwood*. The Second District did not overrule or overturn any "prior decision" that was controlling in the district. Instead, the Fifth District issued its *Goldy* decision, which the Second District had no authority to overrule. The Second District recognized this by certifying conflict to this Court, which does have that authority. *See* art. V, § 3(b)(4), Fla. Const.; Fla. R. App. P. 9.030(a)(2)(A)(vi).

Petitioner's reliance on *Green Tree* is misplaced. In that case, the Second District receded from an earlier decision and had to determine whether "application of the rule that we adopt today to the facts of this case would be fundamentally unfair to Green Tree." *Green Tree*, 15 So. 3d at 694. That did not occur in this case. Similarly, *Aronson* has no application to this case. There, the Third District receded from one of its earlier decisions construing the appellate rules and the deadline for filing a notice of appeal. *Aronson*, 123 So. 2d 411. Because the

court's recent decision which shortened the time period had not yet been published when Aronson filed his notice of appeal, the court held that fairness required the newer decision to apply prospectively from the date of publication. *Id.* That is not the issue in this case.

Rules 1.090 and 1.442 do not, and did not, provide for tolling of the time periods by the filing of a motion for extension and are applicable to this and all other cases.

## CONCLUSION

The Second District correctly ruled that the filing of a motion to enlarge the time to accept a proposal for settlement does not automatically toll the 30-day period for accepting the proposal. Thus, it correctly held that the trial court erred in ruling that Respondent's proposal for settlement had been validly accepted by Petitioner. Accordingly, we approve the Second District, disapprove the Fifth District, and remand the case to the trial court for reinstatement of Respondent's negligence action.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Second District - Case No. 2D14-1866

(Pinellas County)

Anthony J. Russo of Butler Weihmuller Katz Craig LLP, Tampa, Florida; and Paul U. Chistolini of Smoak, Chistolini & Barnett, PLLC, Tampa, Florida,

for Petitioner

George A. Vaka and Nancy A. Lauten of Vaka Law Group, Tampa, Florida,

for Respondent Laura Ochoa