# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0336
Lower Tribunal No. 22-18062-CA-01
_____

**Yasmani Sanchez,**
Appellant,

vs.

**People's Trust Insurance Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Law Group of South Florida, LLC and Santino Ruiz, for appellant.

Cole, Scott & Kissane, P.A., and Mark D. Tinker, and Brandon J. Tyler (Tampa), for appellee.


Before LOGUE, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant, Yasmani Sanchez, appeals the trial court's order granting Appellee's, People's Trust Insurance Company ("People's Trust"), Motion for Entry of Order on Arbitration Decision and Order of Final Judgment. Sanchez argues that the trial court erred in entering the final judgment adopting the arbitrator's decision because Sanchez substantially complied with section 44.103(5), Florida Statutes (2024), and Florida Rule of Civil Procedure 1.820(h), by filing her Motion for Trial De Novo; despite failing to include a Notice of Rejection of the Arbitrator's Decision. Because rule 1.820(h) requires, without exception, that a notice of rejection and a motion for trial de novo must be filed within 20 days of service of the arbitrator's decision, and Sanchez failed to do so, we are compelled to affirm.[1]

## BACKGROUND

This is a breach of contract action, where Sanchez sued People's Trust for homeowner's insurance benefits arising out of an alleged wind loss. The trial court referred the case to non-binding arbitration. The arbitrator filed her Order on Court Ordered Non-Binding Arbitration, finding People's Trust "owes nothing" to Sanchez.

---

[1] Pending before the Florida Supreme Court is proposed amendment to the rule relevant to this appeal. See In re Amends. to Fla. R. Civ. P. 1.820, SC2026-0040. If the proposed rule is accepted, it would likely operate as a broader return to the Fla. R. Civ. P. 1.820(h)'s original rule, the effects of which are discussed further herein.

Two days after the arbitrator filed her order with the trial court, Sanchez filed her "Motion for Trial De Novo."  In her motion, Sanchez cited section 44.103(5), Florida Statutes, and a version of rule 1.820(h), which was no longer in effect, and requested "a Trial De Novo as to all claims heard and decided by the non-binding arbitrator."

Indeed, two months before the arbitrator entered her decision, the Florida Supreme Court amended Rule 1.820(h).  See In re Amends. to Fla. Rules of Civ. Proc., 386 So. 3d 876, 878 (Fla. 2024).  Before, the rule only required a party to file a motion for trial within 20 days to contest the arbitrator's findings.  Id. at 878.  But when rule 1.820(h) was amended, the Florida Supreme Court retitled it as "Notice of Rejection of the Arbitration Decision and Request for Trial."  Id.  As the Court clarified, "[u]nder the amended rule, an arbitration decision will be deemed rejected only if a 'notice of rejection of the arbitration decision and request for trial' is filed with the court within 20 days of service of the arbitrator's written decision."  Id. (citing Fla. R. Civ. P. 1.820(h)).  The new rule expands the requirements to contest an arbitrator's decision and demands strict compliance with these requirements:

> **(h) Notice of Rejection of the Arbitration Decision and Request for Trial**. To reject the arbitration decision, within 20 days of service of the arbitrator('s)(s') written decision, any party **must file**

3

**a notice of rejection of the arbitration decision and request for trial in the same document. No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision.** If a notice of rejection of the arbitration decision and request for trial is filed by any party, any party having a third-party claim at issue at the time of arbitration may file a notice of rejection of the arbitration decision and request for trial within 10 days of service of the first notice of rejection of the arbitration decision and request for trial. If a notice of rejection of the arbitration decision and request for trial is not made within 20 days of service on the parties of the decision, the decision must be referred to the presiding judge, who must enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.

Fla. R. Civ. P. 1.820(h) (emphasis added).

Sanchez's motion is facially defective because it does not provide any notice of rejection. Nonetheless, the trial court entered its Uniform Order Setting Cause for Jury Trial, setting trial on January 21, 2025.

On January 9, 2025, the day before calendar call, People's Trust filed its Motion for Entry of Order on Arbitration Decision. The motion explained the recent amendment to rule 1.820(h) and requested the trial court to enter an order and final judgment consistent with the arbitrator's decision because Sanchez did not timely include a Notice of Rejection with her Motion for Trial de Novo.

4

On January 14, 2025, long after the 20-day period under rule 1.820(h), Sanchez filed an Amended Motion for Trial De Novo and Notice of Rejection of Non-Binding Arbitration Decision. Sanchez included express language rejecting the arbitration award "in an abundance of caution."

Two days later, there was a hearing on People's Trust's Motion for Entry on Arbitration decision.[2] On January 23, 2025, the trial court entered an order granting People's Trust's motion and entering Final Judgment. The trial court found People's Trust not liable for the breach of contract. Ten days later, Sanchez filed her Motion for Reconsideration and Rehearing, reiterating that her Motion for Trial De Novo substantially complied with rule 1.820(h), and that the trial court should vacate its prior order because of that compliance. Sanchez timely appealed without the trial court entering an order on her motion for rehearing.

**ANALYSIS**

First, we do not have a transcript of the hearing which ultimately led to the trial court's decision that Sanchez is now requesting we reverse. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court cannot

---

[2] We do not have a transcript of that hearing to determine what the Parties argued.

5

properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."). There is also nothing on the face of the order that suggests the trial court committed error. Id.

Even still, the trial court did not err in entering the arbitration's decision because Sanchez failed to timely file a notice of rejection along with her Motion for Trial De Novo. "Interpretation and application of the Florida Rules of Civil Procedure involve questions of law that we review *de novo*." Retherford v. Kirkland, 363 So. 3d 132, 134 (Fla. 1st DCA 2023) (citing Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006)).

Our Florida Supreme Court was clear in amending rule 1.820. Indeed, a party rejecting the arbitration decision "**must** file a notice of rejection of the arbitration decision **and** request for trial in the same document**. No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision.**" Fla. R. Civ. P. 1.820(h) (emphasis added). The Florida Supreme Court also emphasized that "an arbitration decision will be deemed rejected **only if** a 'notice of rejection of the arbitration decision and request for trial' is filed with the court within 20

6

days of service of the arbitrator's written decision." In re Amends., 386 So. 3d at 878 (emphasis added).

Sanchez argues the trial court "erred by requiring the document to include specific rejection language" even though Sanchez's motion "referenced rule 1.820(h) and [section] 44.103(5), leaving no doubt as to its purpose." Not so. That argument directly contradicts the rule's command that "[n]o action or inaction by any party, **other than the filing of the notice [of rejection]**, will be deemed a rejection of the arbitration decision." Fla. R. Civ. P. 1.820(h) (emphasis added); see also Boyle v. Samotin, 337 So. 3d 313, 317 (Fla. 2022) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012)) ("This Court adheres to the 'supremacy-of-text principle' that 'the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'").

Rule 1.820(h) requires that Sanchez include a notice of rejection along with her Motion for Trial De Novo. But Sanchez's motion does not include any rejection language and, in fact, cites to the version of rule 1.820(h) before it was amended to require the notice of rejection. As a result, the arbitrator's "decision **must** be referred to the presiding judge, who **must** enter such orders and judgments as may be required to carry out the terms of the

decision as provided by section 44.103(5), Florida Statutes." Fla. R. Civ. P. 1.820(h) (emphasis added). Rule 1.820(h) is strict, but it is strict for a reason.

Rule 1.820(h) was amended to establish a "bright-line and easy-to-follow requirement" and ensure "predictability and consistency of our enforcement of § 44.103(5) and rule 1.820(h)." <u>Lawnwood Med. Ctr., Inc. v. Rouse</u>, 394 So. 3d 51, 62 (Fla. 4th DCA 2024). For these reasons, we join our sister court, the Fourth District Court of Appeal, in its interpretation and application of rule 1.820(h) in <u>People's Tr. Ins. Co. v. Hernandez</u>, 413 So. 3d 127 (Fla. 4th DCA 2025), <u>reh'g denied</u> (May 8, 2025). There, the Fourth District Court Appeal affirmed a trial court's entry of an order adopting an arbitrator's decision, and rejected the same arguments Sanchez makes:

> We reject the homeowners' premise that their "Motion for Trial De Novo"—and its included statement that "[pursuant to Florida Rule of Civil Procedure 1.820(h), [homeowners] request a [t]rial de [n]ovo by the [circuit] [c]ourt"—should be interpreted as having substantially complied with rule 1.820(h), despite not having expressly provided a "notice of rejection of the arbitration decision" as amended rule 1.820(h) requires. While the homeowners argue that a party cannot request a trial de novo without necessarily rejecting the arbitration decision, our supreme court amended rule 1.820 to require that a party rejecting the arbitration decision "must file a notice of rejection of the arbitration decision and request for trial in the same document. No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision."

8

Hernandez, 413 So. 3d at 129 (citation modified).

Sanchez also argues that a party need only substantially comply with rule 1.820(h)'s requirements because section 44.103(5), Florida Statutes, only mentions a request for trial de novo. See § 44.103(5) ("An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court. The decision shall not be made known to the judge who may preside over the case unless no request for trial de novo is made as herein provided or unless otherwise provided by law. . . ."). We disagree.

Adopting that interpretation would render powerless rule 1.820(h)'s command that "[n]o action or inaction by any party, **other than the filing of the notice [of rejection]**, will be deemed a rejection of the arbitration decision." Fla. R. Civ. P. 1.820(h). Requiring both a request for trial de novo along with a notice rejecting the arbitrator's decision is consistent with plain text of both the statute and the rule. See Koppel v. Ochoa, 243 So. 3d 886, 891 (Fla. 2018) (citation omitted) ("It is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction."); Nader + Museu I, LLLP v. Miami Dade Coll., 307 So. 3d 140, 142 (Fla. 3d DCA 2020) (holding that two rules of procedure "must be construed in harmony"); CPI Mfg. Co., Inc. v. Industrias St. Jack's, S.A. De

9

<u>C.V.</u>, 870 So. 2d 89, 92-93 (Fla. 3d DCA 2003) (citations omitted) ("As in statutory construction, the rules must be read as a cohesive whole, and a rule should not be construed in such a way as to render another rule meaningless.  In addition, a more specific statutory provision governs over a more general provision.").

Within twenty days after the arbitrator served her decision to the trial court, Sanchez moved for a trial de novo but failed to include any notice of rejection within that timeframe.  Accordingly, we are compelled to affirm.

**CONCLUSION**

For the reasons above, we affirm the trial court's order entering the arbitrator's decision as its final judgment because Sanchez failed to attach the essential notice of rejection under rule 1.820(h).

Affirmed.

LOGUE, J., concurs.

GORDO, J., concurs in result only.